### REED v CIRCUIT COURT OF HOWARD COUNTY.

Under the 41st sect. of 7th Art. of the act regulating "practice and proceedings in criminal cases," (R. C p. 497,) the owner, and not the temporary master of a Slave convicted in cases therein specified, is the proper person to pay the costs of conviction. The words "owner or master," are most probably synonymous, and mean the owner and not the temporary master.

Application for a mandamus.

Opinion of Court delivered by Napton Judge.

"A slave, the property of Reed, was indicted in the Howard Circuit Court for arson, convicted, and by the judgment of the Court, was ordered to be sent out of the State for 20 years.

Reed moved the court to tax up the costs against Patrick Woods, who had the slave in his possession, when the arson was committed, under a contract of hire for one year.

But the court refused to do so, and Reed now applies for a mandamus on said court, requiring it to shew cause &c.

The costs were taxed under the 41st sec. of the vii. art. of the act regulating practice and proceedings in criminal cases The section reads, "if a slave shall be convicted of any offence in a case, where, if the convict was a free per-

son, he would be liable to pay costs, such slave shall be sold to satify such costs, unless the owner or master appear and pay the same within sixty days after they become due."

AUGUST TERM 1839.

Reed
vs,
Cir. Ct. of Howard County,

It is urged, that the words owner or master in this clause, are not synonymous—and that the bail or temporary owner of the slave should pay the costs in this case. By way of interpreting the intent of the Legislature in using the words "master or owner," counsel have refered to the 35th sec. ix Art. of the Act concerning crimes and their punishments. That section provides that the person injured by the acts of a slave, in specified cases, shall "have an action against the master or owner of such slave *for the time*, to recover any damages &c. not exceeding in amount the value of such slave."

It is obvious, that the last section cited uses the words master and owner in the same sense—The quantum of damages being the value of the slave. The legislature never intended that the bailee of a slave for a year or a month, should be responsible for an amount equal to the value of the slave. The words used in that section *"for the time,"* are either superfluous, or most likely were intended to imply, that the action must be brought against the person owning the slave *at the time* the felony is committed—notwithstanding such owner may afterwards part with his interest.

The words in the 41st section are most probably synonymous—but whether so, or not, cannot affect the merits of Mr. Reeds application. If synonymous, they must have meant the owner and not the temporary master, otherwise they would not have ordered the slave to be sold pay the costs.

This would have a gross injustice to the owner, if it were the temporary master's duty to pay them. If the words be not synonymous, then the circuit court had a discretion, and nothing is shown here to satisfy this court, that discretion was not soundly exercised.

"Mandamus refused."

Davis for plaintiff.

"The court refused so to tax the costs and this court is

Under the 41st sec. of 7th art. of the act regulating "practice and proceedings in criminal cases," (R. C. p. 497,) the owner, and not the temporary master, of a slave convicted in cases therein specified, is the proper person to pay the costs of con-

Reed
vs,
Cir. Ct. of
Howard
County,

now asked for a mandamus on that court, to shew cause, &c. see Rev. Sta. Crimes and Punishments page 216 sec. 35. See do practice and proceedings in criminal cases article 7, sec. 41 page 497. See also session acts of Legislature of 1836 page 60. Title Crimes."

viction, the words "owner or master," are most probably synonymous, and mean the owner and not the temporary master.